

October 29, 2020

**VIA ECF**

Hon. John P. Cronan
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

Orrick, Herrington & Sutcliffe LLP
The Orrick Building
405 Howard Street
San Francisco, CA 94105-2669

+1 415 773 5700
**orrick.com**

Clement Seth Roberts

E  croberts@orrick.com
D  +1 415 773 5484
F  +1 415 773 5759

Re:   *Personalized Media Communications, LLC v. Netflix, Inc.*, Case No. 1:20-cv-03708-JPC

Dear Judge Cronan:

We represent Defendant Netflix, Inc. ("Netflix") and write pursuant to Rule 5(C) of Your Honor's Individual Rules of Practice in Civil Cases to oppose Plaintiff PMC's letter-motion seeking the production of the entire stack of Netflix's web-browser video player ("Cadmium") code. PMC's motion fails because PMC (1) cannot tie its demand to a document request or local rule and (2) concedes that it is requesting information that is not relevant to this case.

As background, PMC asserts that Netflix infringes a set of patents relating to television broadcasts that date back to the 1980s. In other words, before the World Wide Web existed, PMC filed patents that it now claims are infringed by Netflix's on-demand internet video streaming service. To make these claims, PMC has offered shifting and incomprehensible infringement theories.

The problem for PMC is that the discovery rules don't allow for fishing expeditions. These rules required PMC to furnish infringement claim charts that specifically identify where each element of each asserted claim is found within each Accused Instrumentality. E.D. Tex. LPR 3-1.[1] Only then must Netflix furnish "source code . . . or other documentation sufficient to show the operation of any *aspects or elements* of an Accused Instrumentality identified" in PMC's infringement charts. E.D. Tex. LPR 3-4 (emphases added). These rules reflect the proportionality limits of Rule 26 because otherwise, the complexity of modern software systems would require production of an impossible quantity of source code.

Netflix has complied with these rules throughout the case. Importantly, the rules do not require Netflix to produce *all* source code, only the code of "aspects or elements . . . identified" by PMC in its infringement charts. And it is black letter law that the scope of discovery regarding the operation of an accused product is governed by what is *actually* accused in the infringement charts.

---

[1] PMC filed this case in E.D. Texas; Netflix's code production was governed by the local rules of that court.

*See e.g.*, *Yama Capital LLC v. Canon Inc.*, 2013 WL 6588589, at *7 (S.D.N.Y. Dec. 13, 2013) ("Plaintiff can only properly obtain discovery if it can identify, with the requisite specificity given the information presently available to it, features of the accused [products] that, when used, allegedly result in the practice of the method claimed in [the asserted claims].").[2]

Notably absent from PMC's letter brief is any complaint that source code is missing for anything identified in its infringement contentions. Instead, PMC perversely argues that Netflix has repeatedly produced the code requested by PMC, so Netflix must be withholding something more. That's not the case. PMC has had access to Netflix's relevant Cadmium code since September 2019. Between then and now, PMC requested additional Cadmium code only twice—once in December 2019 and again in July 2020. Both times, Netflix produced the requested code. As it has from the start of the case, Netflix has produced the source code it could identify as relevant, consistent with its understanding of PMC's infringement contentions. When PMC identified additional specific code, Netflix made that code available. Even where relevance was in doubt, Netflix chose to produce rather than fight. Netflix's prior accommodations, however, do not concede the relevance of any previously-requested code nor the code that PMC now seeks. And PMC cannot tie the code it now requests to its infringement contentions or otherwise demonstrate its relevance; it is not entitled to the relief requested.

In fact, PMC *concedes* it is seeking "some" irrelevant code. Dkt. No. 109 at 3. This is a gross understatement. Netflix's Cadmium code is responsible for a wide range of functionality provided by Netflix's web-based video player. It consists of hundreds of source code files comprising tens of thousands of lines of code developed by several engineers over the past decade. It is highly confidential, comprising sensitive trade secrets that Netflix goes to great lengths to protect. The asserted patent claims and PMC's infringement contentions indisputably implicate only a small subset of Cadmium's functionalities. Netflix has produced the code relevant to those functions.

The Federal Circuit agrees that source code that is not relevant to a claim or defense need not be produced. In *Drone Techs., Inc. v. Parrot S.A.*, 838 F.3d 1283 (Fed. Cir. 2016), the district court ordered the production of certain code where plaintiff "failed to show its relevance." The Federal Circuit found that "the court acted in contravention of Federal Rule 26(b)(1) by ordering [defendant] to produce its on-board source code—code which has never been shown to be relevant." *Id.* at 1300. PMC's concession that the code it is requesting is not relevant should end the inquiry. Furthermore, each argument that PMC advances fails.

First, PMC argues that because it seeks a tiny subset of code, it is entitled to the whole stack.

---

[2] PMC misstates Netflix's position on source code production. Netflix's position, like PMC's, has been all along that Netflix must produce relevant source code. Netflix has complied with its obligation as best it can, considering PMC's continuous and repeated failure to accuse identifiable technology.

Specifically, PMC claims that "in response to PMC's request for the chain of code files that shows how Cadmium acquires and displays thumbnail images that a user sees when interacting with the video progress bar, Netflix produced only one link in that chain." Dkt. No. 109 at 2. As an initial matter, this is the first time that Netflix is hearing of this "deficiency" and has no idea what "chain" PMC references. PMC never met and conferred on this code prior to filing this motion. Moreover, PMC deposed Netflix's corporate representative *at length* about Cadmium code related to thumbnail images. During that deposition, neither PMC nor the witness identified missing relevant code. And, finally, even if PMC is entitled to discrete additional code relating to thumbnail images, that does not somehow make relevant the remaining 99% of Cadmium code that PMC now seeks.

Next, PMC relies on two extra-district cases in which the court refused to allow document redactions for irrelevance. These cases don't help PMC. First, courts in the Southern District of New York have held that when a Plaintiff has failed to identify a "good-faith basis for believing that the redacted information is relevant," as PMC has done here, document redactions are appropriate. *See Topps Co., Inc. v. Koko's Confectionary & Novelty*, 2018 WL 4440502, at *9 (S.D.N.Y. Sept. 17, 2018). Second, PMC's attempt to analogize an entire software stack to a redacted document falls short. Unlike a document, Cadmium consists of hundreds of files of code covering many functionalities developed by several engineers over the past decade. A "document" is more analogous to a single file of code. Netflix has identified and produced the relevant (and potentially relevant) Cadmium files without redaction.

Lastly, PMC concedes the failure of its demand by referring to the prior briefing. Dkt. No. at 3. The subject of Netflix's motion to compel was whether PMC had to supplement its infringement contentions to account for source code that Netflix *had already produced*. Here, the dispute centers on *additional* source code that PMC now demands, despite failing to identify any potential relevance. Moreover, contrary to PMC's representation, the Court did *not* "find[] that PMC's contentions were sufficient to put Netflix on notice of the relevant accused technology." Rather, Judge Woods warned that by declining to supplement its infringement contentions earlier, PMC had "assumed the risk" of imperfect discovery. *See* Aug. 25, 2020 Tr. at 20 (GHW).

Netflix's source code has been available for 13 months. In the few instances where PMC believed code was missing, it identified the code with specificity and Netflix investigated the request then made the additional code available. Netflix will continue to do so. But PMC cannot now, with less than two weeks to go in fact discovery, overturn this yearlong process and indiscriminately demand the entirety of Netflix's Cadmium code without regard to the infringement contentions or Rule 26(b). Despite five technical depositions and 13 months with the existing code, PMC cannot identify a single line of code that is supposedly missing. PMC's request should be denied.

Sincerely,
/s/ Clement S. Roberts
Clement S. Roberts