

December 10, 2020

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 12/11/2020
```

**Orrick, Herrington & Sutcliffe LLP**
777 South Figueroa Street
Suite 3200
Los Angeles, CA 90017-5855

+1 213 629 2020
**orrick.com**

**Alyssa Caridis**

E  acaridis@orrick.com
D  +1 213 612 2372
F  +1 213 612 2499

Hon. John P. Cronan
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

Re:   *Personalized Media Communications, LLC v. Netflix, Inc.*, Case No. 1:20-cv-03708

Dear Judge Cronan:

Pursuant to section 4(C) of this Court's individual rules of practice, Netflix moves for an order sealing portions of the following documents: (1) portions of PMC's December 7, 2020 Reply Brief in Support Of its Motion to Compel the Production of Relevant Cadmium Source Code (the "Reply"); and (2) portions of the Declaration of William Wong filed in support of the Reply (the "Wong Declaration"). Like the documents at issue in Netflix's previous letter motion to seal, each of the foregoing documents contains Netflix source code or information about that code, the disclosure of which would place Netflix at a significant competitive disadvantage.

The Second Circuit has set out a three-step inquiry for evaluating sealing requests. *See Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006). *First*, a court must determine whether the document at issue is a "judicial document" that is "relevant to the performance of the judicial function and useful in the judicial process." *Id.* at 119 (quoting *United States v. Amodeo (Amodeo I)*, 44 F.3d 141, 145 (2d Cir. 1995)). *Second*, the court must determine the weight of the presumption in favor of public access, given "the role of the material at issue in the exercise of Article III judicial power." *Id.* (quoting *United States v. Amodeo (Amodeo II)*, 71 F.3d 1044, 1049 (2d Cir. 1995)). A court's judgment as to the weight of the presumption "can be informed in part by tradition. Where such documents are usually filed with the court and are generally available, the weight of the presumption is stronger than where filing with the court is unusual or is generally under seal." *Amodeo II*, 71 F.3d at 1050. *Finally*, the court must "balance competing considerations against [the presumption of public access]." *Lugosch*, 435 F.3d at 120 (quoting *Amodeo II*, 71 F.3d at 1050).

The documents at issue in this letter motion are "judicial documents" to which the presumption of public access applies because they have been submitted to this Court to enable it to adjudicate the parties' dispute about the proper scope of discovery in this case. *See id.* at 119.

That presumption should not be given much weight here, however. Courts typically conclude that the weight of the presumption of public access is strong in situations "where



Hon. John P. Cronan
December 10, 2020
Page 2

documents are used to determine litigants' substantive legal rights." *Id.* at 121.  PMC's Motion relates to a discovery dispute and is not dispositive of any merits issue in this case.  In similar cases involving non-dispositive motions, courts in this district have concluded that the presumption of public access should not be accorded much weight.  *See, e.g.*, *IBM*, 2020 WL 6048773, at *2 (concluding that the presumption should be afforded "moderate weight" where the requests for redaction were "submitted in connection with [a] preliminary injunction motion—not a full trial on the merits"); *In re Methyl Tertiary Butyl Ether (MTBE) Prod. Liab. Litig.*, No. 07 CIV. 10470, 2013 WL 3531600, at *4 (S.D.N.Y. July 12, 2013) ("[T]he presumption of access is weak relative to a document considered in connection with a motion that is potentially dispositive on the merits.").  Moreover, "tradition" dictates that the presumption should be given less weight with respect to documents containing confidential source code information.  *Amodeo II*, 71 F.3d at 1050.  Courts routinely recognize that source code "is often a company's most sensitive and most valuable property" and adopt "robust protections" for source code during the discovery process.  *Drone Techs., Inc. v. Parrot S.A.*, 838 F.3d 1283, 1300 n.13 (Fed. Cir. 2016).

There is also a strong countervailing consideration weighing against public access here, because the disclosure of information about Netflix's source code or confidential engineering practices would place Netflix at a significant competitive disadvantage.  "[C]ourts may deny access to records that are 'sources of business information that might harm a litigant's competitive standing.'"  *In re Parmalat Sec. Litig.*, 258 F.R.D. 236, 244 (S.D.N.Y. 2009) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)); *see Amodeo II*, 71 F.3d at 1051 ("Commercial competitors seeking an advantage over rivals need not be indulged in the name of monitoring the courts…."). Netflix employs strict measures to maintain the confidentiality of its source code and engineering practices and each contain trade secrets.  *See* Declaration of Elena Garnica at ¶ 2.  If Netflix's source code or details about Netflix's engineering practices were to become public, Netflix's competitors could use that information to improve their own products or services to better compete with Netflix.  *Id.* at ¶ 3.  Details about the structure and organization of Netflix's code could also be used by malicious third parties to attack the Netflix service, placing Netflix at risk of security breaches and creating a further risk of harming Netflix's standing in the marketplace.  *Id.*

Each of the documents that Netflix has requested be sealed in part contains this sort of highly confidential, competitively sensitive information.  *Id.* at ¶ 4.  The redacted portions of the Reply and Wong Declaration contain snippets of Netflix code and describe the structure and functionality of that code.  Courts in this district regularly grant requests to seal documents containing similar information.  *See, e.g.*, *Avocent Redmond Corp. v. Raritan Americas, Inc.*, No. 10 CIV. 6100 PKC, 2012 WL 3114855, at *16 (S.D.N.Y. July 31, 2012) ("The parties may file



Hon. John P. Cronan
December 10, 2020
Page 3

the following documents under seal because they include engineering schematics, confidential source code and confidential deliberations about future products, the disclosure of which could unfairly allow competitors to develop competing products…."); *GoSMiLE, Inc. v. Dr. Jonathan Levine, D.M.D. P.C.*, 769 F.Supp.2d 630, 649-50 (S.D.N.Y. 2011) (granting motion to seal documents containing "highly proprietary material concerning the defendants' marketing strategies, product development, costs and budgeting").

      Because the risk of competitive harm to Netflix greatly outweighs the minimal presumption of public access in this situation, Netflix respectfully asks this Court to grant its sealing motion.

Very truly yours,

*/s/ Alyssa Caridis*

Alyssa Caridis

Defendant's request is GRANTED.  For the reasons mentioned in this letter, the Court finds that Defendant's privacy interests outweigh the presumption of public access to the information contained in the limited proposed redactions.

Vj g'Engtmiqh'Eqwtv'ku't gur gevhwm{ 'f ktected to  close the motions pending on Dkts. 140, 143.

SO ORDERED.

Date: December 11, 2020

New York, New York

JOHN P. CRONAN
United States District Judge